BROWN *v.* FALLS RUBBER COMPANY.

Opinion delivered May 9, 1921.

1. RECEIVERS—ORDER DIRECTING INVENTORY.—Where an intervener claimed certain boxes of goods in the hands of a receiver but refused to disclose their contents, no personal right of such intervener was violated by an order that the boxes be opened and inventory made to determine ownership.

2. APPEAL AND ERROR—FINAL ORDER.—An order of the court that certain boxes in the custody of the receiver and claimed by the intervener be opened and their contents inventoried is an interlocutory and not a final order, and an appeal therefrom will not lie.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; appeal dismissed.

*O. H. Sumpter,* for appellant.

*Chas. C. Sparks,* for appellee.

McCULLOCH, C. J.    Appellee instituted an action in the chancery court of Garland County against E. D. Brown and T. G. Holland as copartners to recover a debt due on account for merchandise sold and delivered and to wind up the partnership, alleged to be insolvent, to secure the appointment of a receiver and to subject the assets of the partnership to the payment of debts. A receiver was appointed by the court who took charge of the partnership property which consisted of automobile accessories, repairs, equipments and other things at the place of business of said copartners in the city of Hot Springs.

Subsequently it was discovered that immediately before the appointment of the receiver four wooden boxes supposed to contain automobile accessories and repairs, two automobile wheels, a lathe and a counter-shaft had been removed from the place of business of said copartners to the private residence of Brown's father in the city of Hot Springs. The receiver claimed that the contents of the boxes and the other items mentioned were the property of said copartners, and he made demand on

Brown's father for delivery of said property to him, as receiver, under the court's order. Pursuant to the demand, Brown's father delivered the property to the receiver.

Appellant J. M. Brown, who is the brother of E. D. Brown, claimed this property as his own, asserts that he moved it from the place of business of Brown & Holland where he had been at work as an automobile mechanic, and that he left the property with his father for safe-keeping. He intervened in the action and filed a plea claiming the property and praying that the court order the receiver to turn the property over to him.

There was a trial of appellant's plea before the chancery court, which was heard on oral testimony in support of appellant's claim and against it. The testimony was conflicting as to the ownership of the property in controversy. At least the testimony warranted the inference that the articles in dispute, or some of them, were part of the stock in trade of Brown & Holland from whose place of business they were removed. Appellant testified as a witness, and his testimony supports his claim. But he could not and did not give a detailed list of the articles in the boxes—he could only remember in general terms the contents of the boxes and the aggregate value thereof. None of the other witnesses knew what the boxes contained, except one of the witnesses introduced by appellee, a negro who had worked in the repair shop and who helped to pack and haul the boxes for appellant. He could only give a general description of the things. Appellant refused to permit the boxes to be opened, though the court suggested that course. The court thereupon entered an order, over appellant's objections, directing the receiver to open the boxes in his possession in the presence of appellant and three other persons on a specified date, and make an inventory of the articles in the boxes. An appeal has been prosecuted from that order, though the court did not render a decree on the merits of the controversy.

No sound reason is perceived why appellant can claim exemption from the right of the other parties to the controversy to have the boxes opened so as to disclose the contents thereof and to enable the court to more readily determine whether those contents were the property of appellant or of Brown & Holland, appellee's debtor. No personal right of appellant was violated in ordering that the boxes in the custody of the receiver be opened. To do so was essential to a correct determination of the rights of the parties.

But the order was interlocutory and not final. It was not an appealable one, for it did not determine the rights of the parties with respect to the subject-matter of the controversy. If an error has been committed, it must be corrected on appeal from a final decree.

The appeal is therefore dismissed.